**In re HILLSBOROUGH HOLDINGS CORPORATION, et al., Debtors.**

**Bankruptcy Nos. 89–9715–8P1 to 89–9746–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 6, 1992.

Don Stichter, Tampa, Fla., Michael Crames, Kaye, Scholer, Fierman, Hays, New York City, for debtors.

Daniel Golden, New York City, John Genovese, Miami, Fla., for Bondholders Committee.

Paul O'Hearn, Atlanta, Ga., Marc Kirschner, New York City, for Creditors Committee.

ORDER ON FIRST APPLICATION FOR INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR MERRILL LYNCH & CO.

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a yet-to-be confirmed Chapter 11 case involving Hillsborough Holdings Corporation (HHC) and its subsidiaries (the Debtors). The matter under consideration is the First Application of Merrill Lynch & Co. (Merrill Lynch) for Interim Allowance of Compensation for services rendered and costs incurred during the period of October 24, 1990 through September 20, 1991. The Application for allowance is submitted pursuant to an Order entered by this Court approving the employment of Merrill Lynch as investment bankers and financial advisors to the Debtors.

■ Merrill Lynch seeks compensation in the amount of $2,000,000 for services rendered by it during the relevant time period. In addition, Merrill Lynch seeks reimbursement for expenses in the amount of $38,404.07. Unfortunately the Application under consideration fails to set forth any detailed time records, and provides only a narrative summary of the services rendered. Because of this, it is impossible to determine the amount of time spent by Merrill Lynch in rendering the services described in the Application.

As set forth in this Court's Orders entered February 26, 1991, and October 7, 1991, on the Fee Applications of Bear Stearns, financial advisors to the Official Committee of Bondholders, this Court is satisfied that in the absence of detailed time records, it is almost impossible to determine the reasonable value of the services rendered. This Court has been unable to find any authority supporting the proposition that investment advisors are not subject to the mandate of F.R.B.P. 2016(a), which requires any entity seeking compensation to file an application setting forth a detailed statement of services rendered, time expended, and expenses incurred.

To the contrary, research reveals only cases requiring investment bankers to keep

detailed time records. *See In re Gillett Holdings, Inc.*, 137 B.R. 475 (Bankr.D.Colo. 1992) (Court noted that investment bankers must comply with standard bankruptcy fee practices and procedures, including the filing of detailed time records); *In re Mortgage & Realty Trust*, 123 B.R. 626 (Bankr.C.D.Calif.1991) (Court held that before investment advisors retained are entitled to compensation, they must keep time records for each professional who performed services in the case, and the application must include the date and description of the services performed and the amount of time spend in billing increments of tenths of an hour or less); *In re Baldwin–United Corp.*, 79 B.R. 321 (Bankr.S.D. Ohio 1987) (Court disallowed fee enhancement requested by investment bankers for debtor in part because bankers did not document fee enhancement with timesheets.) While this Rule may not please the community of investment advisors, this Court is constrained to conclude that the Bankruptcy Rules, not the general policy or custom prevailing in the investment banking business, are controlling.

In light of the fact that this record is devoid of any record of the time spent, this Court is satisfied that it is appropriate to disapprove the Interim Fee Application in toto without prejudice to Merrill Lynch to either supplement the application to provide a detailed description of services rendered, or to renew the application at confirmation when this Court will be in a better position to determine whether Merrill Lynch's services have produced a meaningful benefit to the estate. Of course, when considering any application by Merrill Lynch, the Court will evaluate not only the time actually spent, but also the results achieved.

This leaves for consideration the request for reimbursement and expenses sought by Merrill Lynch in the total amount of $38,404.07. These expenses are identified as follows:

| | |
|---|---|
| Airfare | $32,070.36 |
| Taxi & Car Rental (out of town) | 2,664.15 |
| Lodging | 2,303.70 |
| Meals | 1,365.86 |

This Court is satisfied that with the exception of the request for reimbursement of expenses for meals, the costs incurred are reasonable.

Based on the foregoing, it is ORDERED, ADJUDGED AND DECREED that the First Interim Fee Application of Merrill Lynch be, and the same is hereby disapproved without prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the request for reimbursement of expenses is approved, and reasonable costs incurred during the relevant time period are hereby determined to be $37,038.21.

DONE AND ORDERED.